Hunter H. Hoestenbach (CA Bar No. 249130)
**HOESTENBACH LAW**
501 W. Broadway Ste. A230
San Diego, CA 92101-3536
Tel: 619.940.4868 / Fax: 619.546.9490
E-mail: Hunter@HoestenbachLaw.com

Attorney for Defendant
Legal Recovery Law Offices, Inc.

FILED
CLERK, U.S. DISTRICT COURT

AUG 1 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUIS ALCALA, an individual,

            Plaintiff,

      v.

LEGAL RECOVERY LAW OFFICES,
INC., and FIA CARD SERVICES, N.A.,

            Defendants.

Case No. CV13- 5990 RGK (FFMx)

NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1441
& 1446

BY FAX

TO THE CLERK OF THE COURT:

      PLEASE TAKE NOTICE that defendant LEGAL RECOVERY LAW

OFFICES, INC. ("LRLO"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby

removes the below described state court action to the United States District Court

for the Central District of California, Western Division.  In support of this removal,

LRLO states:

      1.      On July 18, 2013, an action was commenced in the Superior Court of

California, County of Los Angeles, Central District, Stanley Mosk Courthouse

**HHH**

- 1 -                                           *Alcala v. LRLO*
Def.'s Notice of Removal

under Case No. 13K09871 and entitled *Luis Alcala vs. Legal Recovery Law Offices, Inc., et. al.* A true and correct copy of the Summons, Complaint, and all other process, pleadings and orders served upon LRLO are attached hereto as Exhibit 1. 28 U.S.C. § 1446(a). Aside from the material in Exhibit 1, LRLO is not aware of any other process, pleadings or orders served upon LRLO in this action.

2.     LRLO files this Notice of Removal within one year of the date the action was originally filed and within thirty days of receipt of the Complaint. Removal is therefore timely. 28 U.S.C. § 1446(b)(1).

3.     This Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 because it arises under the laws of the United States; that is, plaintiff's claims for relief assert violations of federal law under 15 U.S.C. §§ 1692, et. seq. Hence this federal question action may be removed to this Court by LRLO pursuant to the provisions of 28 U.S.C. § 1441(a).

4.     Supplemental jurisdiction of any state law claim is proper under 28 U.S.C. § 1367(a).

5.     Promptly after filing this Notice of Removal, LRLO will give written notice of the removal to all adverse parties and will file a copy of the notice with the Clerk of the Superior Court of California, County of Los Angeles, Central District. 28 U.S.C. § 1446(d).

6.     LRLO reserves the right to supplement this Notice of Removal when additional information becomes available. LRLO further reserves all rights, including but not limited to, defenses and objections as to venue, personal jurisdiction and service. The filing of this Notice of Removal is subject to, and without waiver of, any such defense or objection.

///
///
///

**HHH**

- 2 -                                          *Alcala v. LRLO*

Def.'s Notice of Removal

Date: <u>August 14, 2013</u>                    Respectfully submitted,


                                              **HOESTENBACH LAW**


                                              By: /s/ Hunter H. Hoestenbach
                                                  Hunter H. Hoestenbach (SBN: 249130)
                                                  501 W. Broadway Ste. A230
                                                  San Diego, CA 92101-3536
                                                  Tel: 619.940.4868 / Fax: 619.546.9490
                                                  E-Mail: Hunter@HoestenbachLaw.com

                                                  ATTORNEY FOR LRLO

Def.'s Notice of Removal

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
HHH

# EXHIBIT 1

*Alcala v. LRLO*

Def.'s Notice of Removal (Exhibit 1)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Legal Recovery Law Offices, Inc., and
FIA Card Services N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Luis Alcala, an individual

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
> **CONFORMED COPY**
> **OF ORIGINAL FILED**
> Los Angeles Superior Court
>
> JUL 18 2013
>
> John A. Clarke, Executive Officer/Clerk
> BY _____, Deputy
> Victor Sino-Cruz

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse on Hill St. | **CASE NUMBER:**<br>*(Número del Caso):* 13K09871 |
|---|---|

111 North Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Iosim(SBN#272689) 17514 Ventura Blvd., Suite 205. Encino CA 91316 (818)850-5297

| DATE:<br>*(Fecha):* | Clerk, by<br>*(Secretario)* **VICTOR SINO-CRUZ** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JUL 18 2013

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Legal Recovery Law Offices, Inc
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 18 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Victor Sino-Cruz

JONATHAN IOSIM (SBN: 272689)
17514 Ventura Blvd., Suite 205
Tarzana, CA 91316
Telephone: (818) 850-5297
Email: Jonathon@gitmeidlaw.com

Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

LUIS ALCALA, an individual,

               Plaintiff,

    v.

LEGAL RECOVERY LAW OFFICES, INC., and
FIA CARD SERVICES N.A.,

               Defendants.

Case No. **13K09871**

**COMPLAINT FOR DAMAGES**

**AMOUNT DEMANDED DOES NOT EXCEED $10,000**

**LIMITED CIVIL CASE**

## COMPLAINT

### I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for breach of contract and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Debt Collection Practices Act, California Civil Code § 1788 *et seq.* which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

1

COMPLAINT

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Plaintiff resides here and the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff, Luis Alcala, is a natural person residing in La Puente, CA.

4.      Defendant, Legal Recovery Law Offices, Inc. is a law firm engaged in the business of collecting debts in this state with its principal place of business located at 5030 Camino De La Siesta #340, San Diego, CA 92108.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant FIA Card Services N.A. is a business entity with its principal place of business located at 1100 North King Street, Wilmington, DE 19884.

6.      Defendant Legal Recovery Law Offices, Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and as defined by California Civil Code § 1788.2(c).

7.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

## IV. FACTUAL ALLEGATIONS

8.      Defendant Legal Recovery Law Offices, Inc. ("LEGAL RECOVERY") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to FIA Card Services N.A. ("FIA").

9.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

2

COMPLAINT

10.     LEGAL RECOVERY initiated a lawsuit in 2010 against Plaintiff for the balance on Plaintiff's alleged debt to FIA.

11.     On or about April 20, 2011, LEGAL RECOVERY and FIA entered into a Stipulation for Conditional Entry of Judgment and Notice of Conditional Settlement ("Agreement") with Plaintiff on the amount of the alleged debt.

12.     In the Agreement, LEGAL RECOVERY and FIA agreed to dismiss their lawsuit against Plaintiff, and to a settlement on Plaintiff's alleged debt, in consideration for payments which Plaintiff would be required to make.

13.     Specifically, the Agreement states that Plaintiff would pay a total of $4,143.82, in monthly payments as follows:

- An initial payment of $870.00 due on or before April 29, 2011;

- Subsequent monthly payments of $91.00, commencing on May 29, 2011, and continuing on the 29th day of every month thereafter;

- A final payment on May 29, 2014 for whatever balance remains at that time.

14.     The Agreement was signed by Plaintiff, LEGAL RECOVERY and FIA.

15.     On April 29, 2011, Plaintiff made the first timely payment of $870.00, in accordance with the Agreement.

16.     LEGAL RECOVERY and FIA accepted and cashed this first payment.

17.     Beginning on May 29, 2011, and continuing through September 29, 2012, Plaintiff made seventeen timely monthly payments of $91.00 on the 29th day of each month, in accordance with the Agreement.

18.     LEGAL RECOVERY and FIA accepted and cashed all of these payments.

19.     On October 29, 2012, Plaintiff attempted to make the next timely monthly payment of $91.00, in accordance with the Agreement.

3

COMPLAINT

20.    However, LEGAL RECOVERY and FIA refused to accept this payment.

21.    LEGAL RECOVERY and FIA refused to accept any further payments, despite Plaintiff's attempts to pay.

22.    LEGAL RECOVERY and FIA reneging on the Agreement constitutes a breach of contract.

23.    LEGAL RECOVERY's signature on the Agreement confirming the settlement was false, deceptive, and misleading, in violation of the FDCPA.

24.    LEGAL RECOVERY knew or should have known that its actions violated the FDCPA. Additionally, LEGAL RECOVERY could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

25.    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26.    At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

27.    As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## V. SEPARATE CAUSES OF ACTION

### First Cause of Action for Damages Against All Defendants

#### (Breach of Contract)

4

28.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

29.     LEGAL RECOVERY and FIA acknowledged in writing that they had entered into a Settlement Agreement with Plaintiff on Plaintiff's FIA Account, in consideration for monthly payments which Plaintiff would be required to make.

30.     Plaintiff made the first eighteen timely monthly payments, in accordance with the Agreement.

31.     LEGAL RECOVERY and FIA accepted and cashed all of these payments.

32.     Thereafter, LEGAL RECOVERY and FIA reneged on the Agreement and refused to accept any further payments from Plaintiff, despite Plaintiff's attempts to pay.

33.     LEGAL RECOVERY and FIA reneging on their Agreement with Plaintiff constitutes a breach of contract.

34.     As a result, Plaintiff has suffered actual and monetary damages.

### Second Cause of Action for Damages Against All Defendants
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

35.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

36.     By reason of the foregoing, Defendants breached the implied covenant of good faith and fair dealing implicit in their Agreement with Plaintiff.

37.     As a result, Plaintiff has suffered actual and monetary damages.

### Third Cause of Action for Damages and Declaratory Judgment Against
### Defendant LEGAL RECOVERY

### (Violation of FDCPA § 1692e, subd. (10))

5

COMPLAINT

38.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

39.     The above contacts between LEGAL RECOVERY and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

40.     LEGAL RECOVERY violated provisions of the FDCPA, including, but not limited to, the following:

41.     The FDCPA § 1692e(10) prohibits any false representation or deceptive means to collect a debt.

42.     LEGAL RECOVERY violated this provision of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

43.     As a result of the above violations of the FDCPA, LEGAL RECOVERY is liable to the Plaintiff for a declaratory judgment that LEGAL RECOVERY's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages that can be up $1,000, and costs and attorney fees.

**Fourth Cause of Action for Damages and Injunctive and Declaratory Relief Against Defendant LEGAL RECOVERY**

**(Violation of Cal. Civ. Code § 1788.17)**

44.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

45.     California Civil Code § 1788.17 states the following: "Every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections

1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

46.     LEGAL RECOVERY  violated California Civil Code § 1788.17 by violating § 1692e(10) of the FDCPA.

47.     As a result of the above violation of the Rosenthal Fair Debt Collection Practices Act, LEGAL RECOVERY is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

## VI. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A.  Declaratory judgment that both defendants committed breach of contract and breach of the implied covenant of good faith and fair dealing.

B.  Declaratory judgment that LEGAL RECOVERY's conduct violated the FDCPA, and declaratory and injunctive relief for violations of the California Rosenthal Fair Debt Collection Practices Act.

C.  Statutory damages pursuant to 15 U.S.C. § 1692k.

D.  Statutory damages pursuant to California Civil Code § 1788.30.

E.  Actual and statutory damages totaling $8,000.00.

F.  For reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

G.  For such other and further relief as may be just and proper.

Dated:  July 10, 2013

                                        Jonathan Iosim
                        By:     _____
                                JONATHAN IOSIM, Esq.
                                Attorney for Plaintiff
                                Robert S. Gitmeid & Assoc., PLLC

## PROOF OF SERVICE BY MAIL

1

2

3

I, the undersigned, hereby declare:  I am over the age of 18 and not a party to the within action; my

4

address is _____.

5

6

On _____, 2013, I served the foregoing document described as **Complaint** on interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

7

8

Legal Recovery Law Offices, Inc.
5030 Camino De La Siesta #340
San Diego, CA 92108

9

10

FIA Card Services N.A.
1100 North King Street
Wilmington, DE 19884

11

**VIA:**

12

[ x ]   **MAIL**  I am "readily familiar" with the practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at place of business, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16

17

[X]     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

(sign)_____

19

20

_____
(type or print name of server, not Defendant)

21

22

23

24

25

26

27

28

8

COMPLAINT

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Robert S. Gitmeid & Assoc., PLLC
Jonathan Iosim(SBN#272689)
17514 Ventura Blvd., Suite 205
Encino, Ca. 91316
TELEPHONE NO.: (818)850-5297     FAX NO.:
ATTORNEY FOR *(Name)*: Luis Alcala, Petitioner

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 111 North Hill St
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

JUL 1 8 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Victor Sino-Cruz

CASE NAME:
Alcala v. Legal Recovery Law Offices, Inc., and FIA Card Services N.A

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 13K09871 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☑ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07-10-2013
Jonathan Iosim
_____(TYPE OR PRINT NAME)_____          ▶ Jonathan Iosim
                                              _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
  or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]                              **CIVIL CASE COVER SHEET**                              Page 2 of 2

| SHORT TITLE Alcala v. Legal Recovery Law Offices and FIA Card Services | CASE NUMBER 13K09871 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ○ YES  CLASS ACTION? ○ YES  LIMITED CASE? ⬤ YES  TIME ESTIMATED FOR TRIAL 1 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE Alcala v. Legal Recovery Law Offices and FIA Card Services | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032  Quiet Title | 2., 6. |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Alcala v. Legal Recovery Law Offices and FIA Card Services | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Alcala v. Legal Recovery Law Offices and FIA Card Services | CASE NUMBER |
| --- | --- |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>17121 Witzman Dr.<br>La Puente, CA 91744 |
| --- | --- |
| CITY:<br>La Puente | STATE.<br>CA | ZIP CODE:<br>91744 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b). (c) and (d)].

Dated: July 18, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

In re Los Angeles Superior Court Cases General )  Case No.:  **1 3 K 0 0 9 8 7 1**
Order – Limited Jurisdiction (Non-Collections) )
Cases                                          )  GENERAL ORDER
                                               )
                                               )
                                               )
_____ )

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS

FOLLOWS IN THIS ACTION:

    1.    **PLAINTIFF/S IS/ARE ORDERED TO SERVE A COPY OF THIS**

**GENERAL ORDER ON THE DEFENDANT/S WITH COPIES OF THE SUMMONS**

**AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS**

**ORDER.  (Code Civ. Proc., § 594, subd. (b).)**

    2.    The Court sets the following trial date in this case in Department 77 at the

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

POS: 0 1 / 2 1 / 2014  TRIAL: 0 1 / 2 0 / 2015  OSC: 0 7 / 1 8 / 2016

| TRIAL: |
| --- |
| • **Date:** _____ at 8:30 a.m. |

## SERVICE OF SUMMONS AND COMPLAINT

    3.    The trial date set forth above is conditioned on the defendant/s being served

with the summons and complaint within six (6) months of the filing of the complaint.  The

trial date will be continued to a later date if service is not accomplished within six (6)

months. The parties may stipulate to keep the original trial date even if service of the

summons and complaint is not completed within six (6) months of the filing of the original

complaint.

     4.    The summons and complaint shall be served upon the defendant/s within <u>three</u>

<u>(3) years</u> after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).)

Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved

parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).).

The dismissal as to the unserved parties, without prejudice, for this case shall be effective on

the following date:

---

**UNSERVED PARTIES DISMISSAL DATE**

POS: 0 1 / 2 1 / 2014  TRIAL: 0 1 / 2 0 / 2015  OSC: 0 7 / 1 8 / 2016

---

     5.    No Case Management Review (CMR) will be conducted in this case.

### LAW AND MOTION

     6.    All regularly noticed pre-trial motions will be heard in Department 77 on

Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  Motions will require parties

to reserve a hearing date by calling (213) 974-6247.  All motions should be filed in Room

102 of the Stanley Mosk Courthouse.

     7.    Tentative rulings may be posted on the Court's internet site at

http://www.lasuperiorcourt.org/tentativeruling the day prior to the hearing.

## EX PARTE APPLICATIONS

8.     Ex parte applications should be noticed for 1:30 p.m. in Department 77.  All applications must be filed by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.     The fee shall be due no later than 365 calendar days after the filing of the initial complaint.  (Code Civ. Proc., § 631, subds. (b) and (c).)

## STIPULATION TO CONTINUE TRIAL

10.     A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77.  The stipulation and order should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees.  (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

## TRIAL

11.     Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the day of trial the Parties shall bring with them to Department 77 all of the following:

     i.    Joint Statement of the Case;

     ii.    Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court ( LASC), see local rule 3.57;

     iii.    Joint Witness List disclosing the witnesses who will be called what they will testify to, and how long their testimony will take;

     iv.    Joint Exhibits in exhibit books, numbered appropriately, and Exhibit List;

v.     Joint Proposed Jury Instructions printed out for the court; and

vi.    Joint Proposed Verdict form(s) printed out for the court.

12.    **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE  MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.** (Los Angeles Superior Court Local Rule 3.37.)


GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.


DATE: March 13, 2013

Hon. Stephanie Bowick
Judge of the Superior Court

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE PROCEDURES & REQUIREMENTS LIMITED CIVIL
## (NON-COLLECTION)ACTIONS

Case Number: _____

## THIS FORM WILL BE POSTED IN THE COURTROOM AND ON THE COURT'S WEBSITE

## LIMITED JURISDICTION CASE MANAGEMENT PROCEDURES AND INSTRUCTIONS

**The following critical provisions, as applicable in the Central District are cited for your information:**

### TIME STANDARDS:

**COMPLAINTS:**  All complaints should be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:**  Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint.  A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed (Code Civ. Proc. §428.50).

**DEFAULTS:**  (Local Rule 9.10, Cal. Rules of Court, rule 3.110(g)).  If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff should file a Request for Entry of Default within 10 calendar days after the time to respond has elapsed.  The plaintiff should request default judgment on the defaulting defendants within 40 calendar days after entry of default. Requests for entry of default judgments will only be considered based upon written submissions.

**NOTICED MOTIONS:**  All regularly noticed pre-trial motions will be heard in the Limited Civil Courtroom on Mondays, Tuesdays, Wednesdays and Thursdays at 8:30 a.m. and will require parties to reserve a hearing date in Department 77. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in Room 102.  Tentative rulings may be posted on the Court's internet site, http://www.lasuperiorcourt.org/tentative ruling, the day prior to the hearing.

**EX-PARTE MATTERS:**  All pre-trial ex-parte applications should be noticed in the Limited Civil Court, Department 77 for 1:30 p.m.  Ex parte appearance applications for Department 77 will be heard daily and must be filed by 1:00 p.m. daily in Room 102 on the day of the hearing.

**UNINSURED MOTORISTS CLAIMS:**  Delay Reduction Rules do not apply to uninsured motorist claims.  The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2

2/7/13

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     _____(INSERT DATE)_____                                    _____(INSERT DATE)_____
     complaint, which is comprised of the 30 days to respond under Government Code § 68616(b),
     and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having
     been found by the Civil Supervising Judge due to the case management benefits provided by
     this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference
     and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing
     results of their meet and confer and advising the Court of any way it may assist the parties'
     efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to
     the Case Management Conference statement, and file the documents when the CMC
     statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing
     any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time
     for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____              ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____              ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date:

_____              ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

_____              ➤ _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

LACIV 229 (new)                    **STIPULATION – EARLY ORGANIZATIONAL MEETING**
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR_____)

➤ _____
(ATTORNEY FOR_____)

➤ _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):
FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# PROOF OF SERVICE

I, <u>Hunter Hoestenbach,</u> am an attorney licensed in the State of California.  My business address is 501 W. Broadway Ste. A230, San Diego, CA 92101.  I am over 18 years of age, not a party to the within action, and I am exempt from registration under Cal. Bus. & Prof. Code § 22350(b).

I certify that, on <u>August 14, 2013</u>, defendant Legal Recovery Law Offices, Inc.'s Notice of Removal Under 28 U.S.C. §§ 1441 and 1446 (Re: *Alcala v. LRLO*, Case# 13K09871, Los Angeles County Super. Ct.) was served on all parties or their counsel of record named below by serving a true and correct copy in the manner indicated.

Jonathan M. Iosim
17514 Ventura Blvd. Ste. 205
Encino, CA 91316-3898
818.850.5297
jmiosim@gmail.com
Attorneys for Plaintiff Luis Alcala

 x  FRCP 5(b)(1) & (b)(2)(C): I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, CA.  I am readily familiar with the practice of Hoestenbach Law for collecting and processing correspondence for mailing, said practice being that, in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

Executed on <u>August 14, 2013</u> in San Diego, CA.

     I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Date: <u>August 14, 2013</u>       /s/ Hunter H. Hoestenbach
                              Hunter H. Hoestenbach

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
LUIS ALCALA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
LEGAL RECOVERY LAW OFFICES, INC., and
FIA CARD SERVICES, N.A.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JONATHAN M. IOSIM
17514 VENTURA BLVD. STE. 205
ENCINO, CA 91316  /  (818) 850-5297

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
HUNTER H. HOESTENBACH
501 W. BROADWAY STE. A230
SAN DIEGO, CA 92101  /  (619) 940-4868

BY FAX

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT:** $ 8,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. sec. 1692, et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: _____

CV13- 5990

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SAN DIEGO (LEGAL RECOVERY LAW OFFICES) NEW CASTLE, DE (FIA CARD SERVICES, N.A.) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** /s/ Hunter Hoestenbach   DATE: 08/14/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge      R. Gary Klausner      and the assigned Magistrate Judge is      Frederick F. Mumm      .

The case number on all documents filed with the Court should read as follows:

## 2:13CV5990 RGK FFMx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

| | |
|---|---|
| August 15, 2013 | By   J.Prado |
| Date | Deputy Clerk |

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**